**JACKSONWHITE**
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona   85201
Telephone No.:  (480) 464-1111
Facsimile No.:  (480) 464-5692
Email:  centraldocket@jacksonwhitelaw.com
*Attorneys for Plaintiff*
By:  Michael R. Pruitt, SBN 011792
     Email:  mpruitt@jacksonwhitelaw.com
     Nathaniel J. Hill, SBN 028151
     Email:  nhill@jacksonwhitelaw.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce Luna, a married man filing individually,<br><br>Plaintiff,<br><br>v.<br><br>Shaw Industries Group, Inc., a Georgia corporation,<br><br>Defendant. | Case No.:_____<br><br>**COMPLAINT**<br><br>(Fair Labor Standards Act)<br><br>(*Jury Trial Requested*) |

Plaintiff, Bruce Luna ("Luna" or "Plaintiff"), by and through his counsel undersigned, and for his Complaint, alleges as follows:

1. This action arises from the illegal employment actions of Defendant Shaw Industries Group, Inc. ("Shaw") under the statutes of the United States involving violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. As this matter arises under federal statute, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. As provided for by the FLSA, 29 U.S.C. § 216(b), this action is brought by Bruce Luna, a married man filing individually.

4. Shaw is a covered employer and enterprise subject to the provisions of the FLSA since it is involved in interstate commerce and generates annual revenue in excess of $500,000.

5. During the relevant time period, the Plaintiff was an employee of Shaw covered by the provisions and protections contained in the FLSA.

6. During the relevant time period, the job duties of the Plaintiff were such that he was engaged in interstate commerce as defined by the FLSA.

7. Venue is appropriate to this court because most or all of the acts alleged herein occurred within the geographic region covered by this District in the State of Arizona, and Shaw conducts significant business operations within this District.

## PARTIES

8. Shaw is a Georgia corporation registered with the Arizona Corporation Commission.

9. Shaw has multiple plants in Arizona, including Yuma, Phoenix, Tempe, and Tucson.

10. Shaw conducts business and has clients throughout the entire United States as well as Australia, Brazil, Canada, Chile, China, India, Mexico, Singapore, United Arab Emirates, and the United Kingdom.

11. At all times relevant hereto, Plaintiff was a resident of Yuma County in the State of Arizona.

12. At all times relevant hereto, Plaintiff worked in the department of Shaw designated as Maintenance.

13. While employed by Shaw, the Plaintiff was known by and worked under the name of Bruce Luna.

14. The Plaintiff works at the Yuma plant.

15. At all relevant times, Plaintiff was employed by Shaw in the position of Supply Clerk Lead in the Yuma plant.

## **BACKGROUND FACTS**

16. Under the FLSA, non-exempt employees must be paid for all hours worked.

17. Under the FLSA, 29 U.S.C. § 207, covered employees are required to receive overtime wages at a rate of at least 1½ times their normal hourly rate for hours worked in excess of forty during a workweek unless they qualify for a specific exemption contained in the FLSA.

18. The Plaintiff, in the position of Supply Clerk Lead, was a non-exempt employee eligible for overtime wages.

19. The Plaintiff was required to work hours for which he was not compensated and which were not counted towards his weekly hours for overtime purposes.

20. Defendant Shaw required or allowed the Plaintiff to work more than 40 hours each week. Plaintiff's time spent performing his job or performing work for Defendant Shaw requires compensation.

21. Defendant Shaw's management had a duty to exercise control to ensure that work was not performed if it did not want it to be performed.

22. Defendant Shaw benefitted from work performed by the Plaintiff.

23. Defendant Shaw cannot reap the benefits of the Plaintiff's work without considering the time spent doing the work to be hours worked.

24. Defendant Shaw is required to pay the Plaintiff for all hours worked.

25. Plaintiff should have received overtime wages for any hours worked in excess of forty hours during a workweek from the period of July 29, 2013 through approximately December 31, 2015.

26. Shaw's failure to pay Plaintiff overtime wages is a violation of the FLSA.

27. Plaintiff has direct personal knowledge that he was required to work in excess of 40 hours each workweek.

28. Plaintiff frequently worked well in excess of forty hours during a workweek without receiving overtime compensation.

29. The FLSA requires employers to keep accurate records related to compensation and hours worked by all non-exempt covered employees.

30. Defendant Shaw willfully and knowingly failed to maintain a full record and accounting of the number of hours worked by the Plaintiff in violation of the record keeping requirements of the FLSA.

31. This action is brought to recover unpaid overtime wages, liquidated damages, interest, attorneys' fees, and all other damages and penalties owed and available to the Plaintiff.

32. Shaw is a large company that manufactures flooring products and synthetic turf.

33. Shaw exercised centralized control over the wages, hours, and working conditions of the Plaintiff.

34. This action arises from an ongoing illegal and improper scheme by Shaw to systematically and willfully violate the provisions of the FLSA by knowingly and deliberately failing to pay the Plaintiff the overtime wages legally due him.

35. Shaw knowingly and willfully violated the provisions of the FLSA by requiring Plaintiff to work off the clock and failing to pay him overtime wages for the period of time from July 29, 2013 through December 31, 2015. Because of the willful nature of the violation, as provided for by the FLSA, Plaintiff is entitled to use a three year statute of limitations period for the recovery of overtime wages allowing recovery for any overtime work performed as a Supply Clerk Lead at any time during the period starting three years prior to the date of this action through December 2015.

36. Shaw knew or should have known that its policies regarding the payment of overtime wages as described herein violated the FLSA.

37. The actions of Defendant Shaw in violating the provisions of the FLSA were not taken in good faith and Shaw did not have a reasonable basis for believing that its overtime provisions related to the position of Supply Clerk Lead did not violate the FLSA.

38. All decision(s) regarding whether or not to pay overtime wages to the Plaintiff were made with the knowledge, approval, and at the direction of Shaw's ownership and/or management.

39. The illegal policies and practices described herein are part of a centralized policy, practice, and scheme developed and orchestrated by Shaw and its ownership and management.

40. As an employer, Shaw is responsible for the illegal conduct and policies described herein related to its failure to comply with the provisions of the FLSA.

41. The actions of Shaw in deliberately failing to pay the Plaintiff the overtime wages rightfully due him was done for the purpose of enriching and benefitting Shaw and its owners. As a result, the Plaintiff has suffered economic damages.

## COUNT 1
### (Violation of the FLSA, 29 U.S.C. § 201, *et seq*.)

42. All previous paragraphs of this Complaint are realleged as if set forth more fully herein.

43. The Plaintiff was a covered employee subject to the overtime wage provisions of the FLSA as outlined in 29 U.S.C. § 207.

44. During some or all of the relevant period of July 2013 through December 2015, the Plaintiff routinely worked in excess of forty hours during his workweek without receiving overtime compensation in violation of the FLSA.

45. The Plaintiff was legally entitled to receive overtime compensation at a rate of one and one-half (1½) times his regular hourly wage for any hours worked in excess of forty hours in a workweek.

46. As a result of the illegal and improper policy of Shaw regarding the payment of overtime wages, the Plaintiff has suffered economic damages in an amount to be proved at trial.

47. The policy of Shaw to not pay overtime wages to the Plaintiff was willful, entitling the Plaintiff to extend the recovery period for damages from two years to three

years as provided for by the FLSA and 29 U.S.C. § 255(a) covering the period of time starting three years prior to the date of this action through December 2015.

48. As provided for by the FLSA, Shaw is liable to the Plaintiff for liquidated damages in an amount equal to his economic damages.

49. As provided for by the FLSA, Shaw is liable to the Plaintiff for his reasonable attorneys' fees and costs.

50. As a result of violating the FLSA, Shaw is also liable to the Plaintiff for all other relief and damages as provided for by law.

**WHEREFORE,** the Plaintiff requests that this Court enter judgment in his favor and against the Defendant as follows:

A. Declare that the Plaintiff is legally entitled to collect overtime wages and that the policy of Shaw to not pay overtime wages to the Plaintiff during the relevant time period was illegal and a violation of the FLSA;

B. Declare that the actions of Shaw in failing to pay overtime wages to the Plaintiff was willful and that therefore a three year statute of limitations should apply to the Plaintiff for the purpose of collecting the overtime wages properly due him;

C. Enter a judgment against Shaw in an amount to be proved at trial as compensation to the Plaintiff for the overtime wages Shaw withheld in violation of the FLSA;

D. Declare that the Plaintiff is entitled to all relief and remedies available to him under the FLSA including all lost compensation and benefits, liquidated damages, and attorneys' fees and costs;

E. Award the Plaintiff interest at the highest legal rate allowable on all sums awarded in judgment from the date of judgment until paid;

F. Award the Plaintiff prejudgment interest on all liquidated sums awarded at the highest legal rate allowable;

G. That this Court retain jurisdiction over this action to ensure full compliance with the Court's orders and require Shaw to file such reports as the Court deems necessary to evaluate such compliance; and

H. For such other and further relief as this Court deems just and proper.

**DATED** this 29th day of July, 2016.

**JACKSON WHITE**

  /s Michael R. Pruitt
By:   Michael R. Pruitt, SBN 011792
        Nathaniel J. Hill, SBN 028151
40 North Center Street, Suite 200
Mesa, Arizona   85201
*Attorneys for Plaintiff*

F:\JKL\Luna, Bruce\Pleadings\Complaint.docx